HENDY, Appellant, v. DUNCAN et al., Respondents.

No. 821; June 1, 1866.

**Timber—Right of Purchaser to Enjoin Waste.**—A purchaser of standing timber, who, as to the land itself, acquires no greater right than that of entry and way for the purpose of cutting and removing the timber, has an adequate remedy at law for the destruction or conversion of the timber, and is not entitled to an injunction if the wrongdoers are responsible for their acts.

APPEAL from Fourth Judicial District, San Francisco County.

Crockett, Whiting & Wiggins for appellant; Temple & Thomas for respondents.

For the facts involved in this case, see the case following.

SANDERSON, J.—Counsel for appellant fail to inform the court as to what in their judgment is the legal character or effect of the instrument executed by Duncan to Hendy. No attempt is made to construe that instrument or to define the estate or interest or right, whatever it may be, which Hendy obtained under it. Yet it would seem to be material that a party seeking to enforce rights of some sort under an instrument so anomalous should at least go so far as to inform the court what interest they claim and do so in legal language. The brief of counsel is, as a legal argument, as uncertain and vague as the instrument upon which their right of action is founded. There is no attempt to give a legal name to the right which they assert nor to assign the document under which they claim to any known class of legal instruments. The inference or conclusion or, in other words, the third proposition of a syllogism, is given, but the premises, the first two and more important propositions, are entirely omitted. Counsel assume that Hendy acquired some right which entitles him to the relief which he asks but do not define that right. Under these circumstances it would be no injustice to the appellant should we dismiss the appeal upon the ground that no points or authorities have been filed, for we are left

to guess as to what the theory of counsel may be. It is not for us to speculate as to theories upon which an action may or may not be maintained and then proceed to show their truth or falsity. The first is the duty of counsel; our duty commences with the performance of the last. When counsel of acknowledged eminence present their cases in this manner, it may well be doubted whether there is any theory upon which their cases can be sustained.

Whether the instrument amounts to a conveyance in fee of a millsite or a lease or a mere license to erect a mill upon Duncan's land; whether it amounts to an absolute sale of all the timber growing upon Duncan's land with a right to enter, cut and take away, or a mere license to do so, are material questions to be determined, yet we are left wholly in the dark as to which of the foregoing theories the appellant relies on, or whether he relies upon all·or none of them, or upon some other theory which does not occur to us.

The action is for an injunction to restrain the commission of waste by the cutting of timber. As to the land upon which the timber stands Hendy certainly acquired no greater right than that of entry and way for the purpose of cutting and removing the timber; and, that being so, as to the timber he could have acquired no greater right than that of a purchaser. Treating him, then, as having no interest but as a purchaser of standing timber merely, he cannot maintain this action for two reasons: 1st. As to him the cutting of the timber is no waste, for waste, as defined by Lord Coke, "is a spoil or destruction in houses, gardens, trees, or other corporeal hereditaments to the disinherison of him that hath the remainder in fee simple or fee tail "—which Hendy has not; 2. Being a mere purchaser of the timber, he has adequate relief at law for its destruction or conversion for aught that appears in this complaint, for it is not pretended that defendants are not responsible for any wrongs which they may commit.

That the instrument is not an absolute conveyance of any land does not seem to admit of any doubt. If the instrument be regarded as a lease of the land for the purposes of the lumber business, it is for a perpetual term, and therefore void under the statute. If it be regarded as a license, it has never been acted on, and is therefore revocable at the pleasure

of Duncan. In any aspect, therefore, in which the case suggests itself to our minds, the judgment must be affirmed.

Ordered accordingly.

I concur: Sawyer, J.